**Clarence Jay FAULKNER,
Plaintiff–Appellant,**

v.

**Sheri POTEET, Associate Superinten-
dent and Shane Maitland, Mailroom
Supervisor, Defendants–Appellees.**

No. 09–35875.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 23, 2010.

Clarence Jay Faulkner, Connell, WA,
pro se.

James Brooks Clemmons, Jr., Attorney
General of Washington, Spokane, WA, for
Defendants–Appellees.

Before: TASHIMA, BERZON, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Clarence Jay Faulkner, a Washington
state prisoner, appeals pro se from the
district court's order granting summary
judgment as to certain claims and dismiss-
ing with prejudice the remaining claims in
his 42 U.S.C. § 1983 action alleging retali-
ation and due process claims under the
First and Fourteenth Amendments. We

have jurisdiction under 28 U.S.C. § 1291.
We review de novo summary judgment
and dismissal for failure to state a claim,
*Barnett v. Centoni,* 31 F.3d 813, 815–16
(9th Cir.1994) (per curiam), and may af-
firm on any grounds supported by the
record, *Atel Fin. Corp. v. Quaker Coal Co.,*
321 F.3d 924, 926 (9th Cir.2003) (per cu-
riam). We affirm.

Defendants Poteet and Maitland were
entitled to summary judgment on Faulk-
ner's due process claim. Faulkner failed
to establish a triable issue as to whether
he was deprived of a protected interest
due to the erroneous information in the
mail restriction notices. *See Wright v.
Riveland,* 219 F.3d 905, 913 (9th Cir.2000)
(to state a procedural due process claim, a
plaintiff must allege "(1) a liberty of prop-
erty interest protected by the Constitu-
tion; (2) a deprivation of the interest by
the government; [and] (3) lack of pro-
cess.") (internal citation and quotation
omitted). Faulkner received a meaningful,
due process hearing on the infraction. *See
Wolff v. McDonnell,* 418 U.S. 539, 563–72,
94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (set-
ting forth the notice, hearing, and appeal
requirements that a prisoner must receive
as part of a disciplinary action).

Summary judgment on Faulkner's retal-
iation claim was appropriate because
Faulkner did not establish a triable issue
of fact as to whether defendant Maitland
acted with a retaliatory motive. *See
Rhodes v. Robinson,* 408 F.3d 559, 567–68
(9th Cir.2005) (stating elements of a retali-
ation claim).

The district court did not abuse its dis-
cretion by dismissing Faulkner's complaint
with prejudice, because amendment would

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

be futile. *See Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir.2009).

**AFFIRMED.**

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.